UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONSTANCE R. POPHAM, | ) | No. C-06-5282 SC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| v. | ) | DEFENDANT'S CROSS- |
| | ) | MOTION FOR SUMMARY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | <u>JUDGMENT</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

Plaintiff Constance R. Popham ("Claimant") filed this action against Defendant, Commissioner of the Social Security Administration ("Defendant" or "SSA"), under 42 U.S.C. § 405(g), seeking judicial review of the SSA's decision to deny Social Security payments.

Claimant moved for summary judgment, arguing that the Administrative Law Judge ("ALJ") committed legal errors in reaching his decision. Defendant responded with a cross-motion for summary judgment, seeking a final dismissal of the case. For the reasons stated herein, the Court hereby DENIES Claimant's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

## II. BACKGROUND

Claimant filed concurrent applications for Social Security

1 Disability Insurance Benefits and Supplemental Security Income on
2 June 30, 2003, asserting that she became disabled on August 30,
3 2002. See Administrative Record ("AR") at 89-91. After the SSA
4 denied these claims, Claimant requested a hearing, which was held
5 on April 11, 2005 before ALJ Fenton J. Hughes. See AR at 527-55.
6 The ALJ rendered an unfavorable decision on May 12, 2005 and the
7 Appeals Council subsequently denied Claimant's request for review
8 on June 30, 2006. See AR at 26-33, 7-10.

9 The ALJ found that Claimant had numerous physical and mental
10 impairments including "uncontrolled diabetes, arthritis in her
11 joints, depression, headaches, chest pain, bone loss in her lower
12 back causing pain and incontinence." AR at 27. Having considered
13 Claimant's health problems, the ALJ determined that Claimant still
14 retained the residual functional capacity to perform a significant
15 number of jobs in the national and local economy. See AR at 31.
16 As a result, the ALJ determined that Claimant was not disabled and
17 thus not eligible for Social Security payments. See AR at 33.

### III. LEGAL STANDARD

The Court will reverse the SSA's decision to deny Social Security benefits only if the ALJ's decision "is not supported by substantial evidence or it is based on legal error." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1995) (internal

2

quotation omitted). Credibility determinations of witness testimony are left to the ALJ, Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001), but like all findings of fact they must be supported by substantial evidence in the record. See Cequerra v. Sec'y of Health & Human Serv., 933 F.2d 735, 738 (9th Cir. 1991). Finally, "[a] decision of the ALJ will not be reversed for errors that are harmless," Burch, 400 F.3d at 679. The Court must "consider the record as a whole weighing both the evidence that supports and the evidence that detracts from the Secretary's conclusion." Desrosiers v. Sec'y of Health & Human Serv., 846 F.2d 573, 576 (9th Cir. 1988). A reviewing court has "the power to enter, upon pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

As with any motion for summary judgment, the movant "always bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex v. Catrett, 377 U.S. 317, 323 (1986).

### IV. DISCUSSION

In support of her motion for summary judgment, Claimant argues that the ALJ's decision improperly characterized her mental impairments, resulting in an incorrect finding that Claimant was

3

1 not disabled. Claimant's argument is based on the following
2 assertions: (1) the decision incorporated an erroneous
3 understanding of the severity standard, (2) lacked the support of
4 substantial evidence on the record, and (3) failed to give
5 adequate weight to the findings of Independent Medical Examiner
6 ("IME") Dr. Kalman. See Mot. at 13-15.

7 Regarding the first assertion, the ALJ determined that
8 Claimant's mental impairments were not severe and did so using the
9 proper severity standard. The Regulations state, "an impairment
10 is not severe if it does not significantly limit physical or
11 mental ability to do basic work activities." 20 C.F.R. §§
12 404.1521, 416.921 (2006). Claimant was diagnosed as having a
13 major depressive disorder with psychotic features. See AR at 227.
14 This condition was noted by the ALJ. See AR at 27. "The
15 existence of emotional disorder, however, is not per se disabling.
16 In addition, there must be proof of the impairment's disabling
17 severity." Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir.
18 1989) (internal citations and quotations omitted). The ALJ found,
19 and substantial evidence indicates, that Claimant's mental
20 condition could be controlled through the use of medication. See
21 AR at 27-28. Specifically, Claimant reported that attending
22 counseling sessions and taking the drug Wellbutrin significantly
23 reduced her symptoms. See AR at 27-28, 479-80, 538-39. Thus, the
24 ALJ correctly found that Claimant's impairments were not of
25 sufficient severity to justify a finding of disability.

26 Contrary to Claimant's assertions, the ALJ's findings were
27 supported by substantial evidence on the record. Consultative

4

examinations by Doctors Stephen Sheppard and Michael Joyce indicate that Claimant's mental condition was not disabling. See AR at 237-41, 433-38.  Dr. Sheppard found that Claimant could perform basic work activities despite her physical and mental condition.  See AR at 239-40.  Dr. Joyce also found that Claimant was capable of working and her mental status was satisfactory. See AR at 435, 437.  Furthermore, Claimant's testimony to the ALJ indicated that medication and counseling sufficiently controlled her mental condition.  See AR at 538-39.  In addition, consultations completed by State Agency physicians support the conclusion that Claimant can work despite her psychiatric problems.  See AR at 422-32.  In light of the documents contained in the AR, the ALJ's conclusion that Claimant's mental impairments were not disabling is supported by substantial evidence.

Finally, Claimant asserts that the Appeals Council failed to give adequate weight to the findings of Dr. Kalman, findings submitted after the ALJ rendered his decision.  Dr. Kalman found some evidence of mental disability and reported that "patient's condition is not expected to improve significantly within the next twelve months."  AR at 515.  However, he also found that Claimant had no plans to act on her previous suicidal or self-injurious thoughts, "was pleasant and cooperative," and her "form of thought was logical and goal directed."  AR at 514-15.  Dr. Kalman only examined Claimant on one occasion and his report does not contain sufficient evidence to allow the Appeals Council to give it more weight that the voluminous evidence in the rest of the record indicating a lack of mental disability.  As such, the Appeals

1   Council and ALJ gave proper weight to the opinions of the many
2   physicians who examined Claimant over the years and properly
3   discounted the opinion of Dr. Kalman.  The medical evidence in the
4   record does not support Claimant's assertion that her mental
5   impairments are of sufficient severity to render her disabled.
6       The decisions of the ALJ and Appeals Council were based on
7   substantial evidence and are proper as a matter of law.

## V. CONCLUSION

For the reasons described herein, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August 16, 2007

_____
UNITED STATES DISTRICT JUDGE

6